UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. EP:25-MJ-02401-LE-1 |
| | § | |
| ADELY VANESSA DE LA | § | |
| CRUZ-ALVAREZ | | |

DEFENSE RESPONSE TO GOVERNMENT'S MOTION IN LIMINE

COMES NOW, Adely Vanessa De La Cruz-Alvarez, through undersigned counsel, and files this Response to the Government's Motion in Limine:

1. Adherence to the Federal Rules of Criminal Procedure

RESPONSE: The Defense fully intends to follow the Federal Rules of Criminal Procedure—just as we trust the Government will do the same. No special order is needed to require anyone to follow rules they are already bound by.

2. Adherence to the Federal Rules of Evidence

RESPONSE: The Defense fully intends to follow the Federal Rules of Evidence—just as we trust the Government will do the same. No special order is needed to require anyone to follow rules they are already bound by.

3. Testimony Through the Defendant

RESPONSE: The Defense is aware that arguments and references at trial must be grounded in admissible evidence, and that unsworn statements by counsel are not evidence. To the extent that the Government is asking the Court to prohibit the defense from doing something that is already prohibited by the Rules of Evidence, this motion is unnecessary. If the Defendant chooses to testify, the Government will be made aware at the appropriate time. Until then, the Defense will, as always, operate within the rules.

4. Self-Serving Hearsay

RESPONSE: The Defense is aware that a defendant's out-of-court statements, when offered by the defense for the truth of the matter asserted, are generally inadmissible hearsay under Rule 801(c). If the government is concerned that the defense might attempt to circumvent this well-settled principle, it need not be. The defense does not intend to elicit inadmissible hearsay or make improper use of the Defendant's prior statements—unless, of course, the Government

1

opens the door. As of now, this Motion in Limine amounts to little more than a preemptive objection to conduct that has not occurred.

    5.   Production of Federal Witnesses (*Touhy*)

RESPONSE: The Defense is familiar with the requirements under *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), and related agency regulation governing the production of federal employees as witnesses. Should the defense seek to call a federal agent at trial, we will comply with the appropriate procedures. The Government's motion appears to ask the Court to direct the Defense to follow the law—something that the Defense was already planning to do.

    6.   Missing Witnesses

RESPONSE: The Defense agrees that improper "missing witness" arguments are generally disallowed when the witness is available to both parties. That said, when a witness is peculiarly within the Government's control, or the Government has affirmatively relied on their statements in its investigation but declines to call them at trial, it may be entirely appropriate for the defense to comment on their absence. The Defense has no intent to violate Fifth Circuit precedent by making improper arguments, but reserves the right to highlight significant omissions in the government's case where legally permissible.

    7.   Collateral Cross-Examination

RESPONSE: The Defense does not intend to waste the Court's time or pursue irrelevant tangents. But we also won't be limited to only those cross-examination questions that the Government finds convenient. If a line of questioning is relevant to witness credibility or central issues in the case, we'll pursue it—subject, of course, to the Court's discretion and the Rules of Evidence.

    8.   Jencks Notes

RESPONSE: The existence or absence of *Jencks* material is a legitimate subject for cross-examination when relevant. The Defense is entitled to explore whether notes were taken, preserved, or discarded, especially where such material may bear on the accuracy, completeness, or reliability of a witness's testimony.

9. Punishment

RESPONSE: The Defense is well aware that juries in federal court do not determine sentencing and that arguments regarding potential punishment are generally inappropriate. Absent the Government opening the door, we do not intend to make impermissible references to sentencing or invite jury nullification. As always, the defense will stay within the bounds of the law and address any specific objections at the appropriate time.

10. Immigration Consequences

RESPONSE: Unless the Government opens the door, we have no intent to introduce into this trial post-conviction consequences like removal, denial of reentry, or naturalization issues.

11. Family Hardship or Sympathy

RESPONSE: The Defense does not intend to present a case based on appeals to sympathy or hardship. However, we reserve the right to introduce appropriate, admissible evidence that provides relevant context and helps the jury understand who our client is. While we acknowledge the Government's citation to Rules 401, 402, and 403 is legally sound, we note that the distinction between impermissible appeals to emotion and legitimate contextual evidence is not always clear-cut. As noted multiple times in this response, the Defense fully intends to follow all applicable rules of evidence, including those cited by the Government.

12. Jury Nullification

RESPONSE: Not withstanding Thomas Jefferson's view that jury nullification was an essential safeguard against governmental overreach, the Defense recognizes that explicit arguments urging the jury to disregard the law are not permitted. We do not intend to make such arguments. That said, the Defense reserves the right to present a complete defense, introduce relevant evidence, and argue reasonable inferences the jury may draw from that evidence. To the extent that the Government seeks to prohibit unlawful argument, it need not worry any further. To the extent that it seeks to preemptively block lawful, admissible evidence or themes that may incidentally appeal to a jury's conscience, the motion should be denied.

13. Selective Prosecution

RESPONSE: The Defense has not raised a selective prosecution claim and has no intention of pursuing one at trial. As such, this portion of the Government's motion addresses an issue that is not presently before the Court. While the Government is entitled to anticipate legal arguments, it need not seek preemptive rulings on every conceivable claim the Defense could possibly raise. As such, no special Order is required.

14. Duress Defense

RESPONSE: The Defense is not presently asserting a duress defense, and certainly understands the evidentiary thresholds for both. If that changes, the Defense will follow the proper procedures.

15. Asylum Defense

RESPONSE: The Defense is unaware of any such thing as an "Asylum Defense" in this context and has never indicated an intent to assert one at trial. That said, we agree with the Government's uncontroversial point that irrelevant evidence is inadmissible, and we fully intend to comply with the Federal Rules of Evidence—including those on relevance.

Respectfully Submitted,


Maureen Scott Franco                           Veronica Teresa Lerma
Federal Public Defender                        LERMA LAW


/s/                                            /s/


Shane McMahon                                  Veronica Teresa Lerma
Assistant Federal Public Defender              State Bar: No. 24062846
Western District of Texas                      1417 Montana Ave
Richard C. White Federal Building              El Paso, TX 79902
700 E. San Antonio, D-401                      p. 915-533-4779
El Paso, Texas  79901                          *Attorney for Defendant*
(915) 534-6525
*Attorney for Defendant*



CERTIFICATE OF SERVICE

I hereby certify that Monday, June 2, 2025, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the Office of the U.S. Attorney, Richard C. White Building, 700 E. San Antonio, Suite 200, El Paso, TX 79901.


            /S/
            Shane McMahon
            *Attorney for Defendant*


4

5