UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. EP:25-MJ-02401-LE-1 |
| | § | |
| ADELY VANESSA DE LA CRUZ-ALVAREZ | § | |

DEFENSE RESPONSE TO THE GOVERNMENT'S TRIAL MEMORANDUM REGARDING MENS REA REQUIREMENTS UNDER 50 U.S.C. § 797

COMES NOW, Adely Vanessa De La Cruz-Alvarez, by and through undersigned counsel, and files this response to the Government's Trial Memorandum regarding the required mental state for a conviction under 50 U.S.C. § 797.

I. Introduction

The Government's memorandum urges the Court to adopt a minimal mens rea standard for a statute that criminalizes trespassing on federal military property—a statute whose application depends entirely on the specific and often non-obvious nature of the land involved. According to the Government, it need not prove that Ms. De La Cruz-Alvarez knew she was on military land or that the land had been re-designated as a defense installation under Department of Defense authority. Instead, the Government claims it need only show she was generally aware that she was doing "something" unlawful.

That approach misreads the text, context, and history of § 797, and it runs afoul of longstanding principles concerning statutes that criminalize conduct based on complex or non-apparent legal classifications. The Government's proposed standard—stripped of any requirement of actual knowledge of the restricted nature of the property—would effectively criminalize unknowing trespass onto vaguely designated lands.

1

II. "Willfully" Requires More Than Mere Awareness of Unlawfulness in This Context

The statute at issue criminalizes the willful violation of "defense property security regulations." That language matters. Unlike general trespass laws or routine regulatory offenses, § 797 specifically targets conduct that violates security protocols tied to property reserved for military or defense purposes. This includes areas that, unlike conventional military bases, may not be openly identified or marked as such to the untrained observer.

The Fifth Circuit Pattern Jury Instruction 1.43 defines "willfully" as requiring that the act be done "voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law." But that definition—while often invoked—does not strip courts of the obligation to evaluate the context in which the term "willfully" is used. As both the Supreme Court and Fifth Circuit have repeatedly made clear, willfulness is "a word of many meanings," and its construction "is often influenced by its context." *Ratzlaf v. United States*, 510 U.S. 135, 141 (1994) (quoting *Spies v. United States*, 317 U.S. 492, 497 (1943)); *United States v. Arditti*, 955 F.2d 331, 340 (5th Cir. 1992).

Here, the context is crucial. The restricted status of the land is a necessary element of the offense—and it is often a legally defined, non-intuitive classification. That status, as noted throughout the discovery provided to the Defense, on inter-agency land transfers, internal DoD designations, or obscure military regulations. Accordingly, courts should be cautious in applying a watered-down mental state requirement in cases involving invisible or technical boundaries.

III. Statutory and Constitutional Concerns Support a Higher Knowledge Requirement

The Government asserts that *Bryan v. United States*, 524 U.S. 184 (1998), authorizes a relaxed mens rea requirement. But *Bryan* expressly distinguished cases like *Ratzlaf* and *Cheek*, where the Court required the Government to prove knowledge of the particular law being violated due to

the complexity of the legal framework. *Bryan* dealt with firearms regulations involving conduct that was plainly and intuitively unlawful—dealing firearms without a license—not conduct that depended on the hidden designation of land.

50 U.S.C. § 797, like the tax laws in *Cheek*, punishes a failure to comply with complex and sometimes obscure regulations. A person may be on federal land without realizing it is restricted military property, or that a particular area has been re-designated for defense purposes. In such a situation, *Cheek* and *Ratzlaf* demand a higher standard of notice and intent.

As the Court noted in *Cheek*:

> "Congress has softened the impact of the common-law presumption by making specific intent to violate the law an element of certain federal criminal offenses… This special treatment… is largely due to the complexity of the laws."

The same reasoning applies here. Criminalizing conduct based on technical designations—such as whether a given area of the U.S.-Mexico border has been administratively transferred to the DoD—requires the government to show more than general unlawfulness. It must show that the defendant knew her conduct violated this specific type of law, i.e., that she knew or was on notice that the area was military-controlled and restricted under a security regulation.

IV. Due Process and Fair Notice Require More Than What the Government Suggests

The Supreme Court has repeatedly emphasized that due process forbids criminal punishment where the defendant had no reasonable notice that her conduct was prohibited. A mens rea requirement serves as a critical check on vague or expansive statutes. If the Government's interpretation were adopted, § 797 could be used to impose criminal penalties on any individual who crosses an unmarked area of land near the border—regardless of whether the individual had any way of knowing the area was subject to defense-related restrictions.

Such a reading raises serious constitutional concerns, and courts should avoid construing criminal statutes so broadly. See *United States v. Kozminski*, 487 U.S. 931, 950 (1988) (warning against broad readings that "would raise serious constitutional questions").

V. Circumstantial Evidence Alone Cannot Substitute for Actual Knowledge of Restricted Status

The Government further argues that it may prove willfulness circumstantially. That is, of course, correct as a general proposition—but only if the inferences drawn support the specific mental state required by law. A person's general unlawful entry into the United States does not, by itself, establish that she knew she was entering a restricted military installation or that she intended to violate § 797. If the Government cannot prove that Ms. De La Cruz-Alvarez knew—or had reason to know—that she was entering such restricted land, it cannot establish that she "willfully" violated the relevant regulation.

VI. Conclusion

The Government seeks to prosecute a misdemeanor offense that turns entirely on whether a person knowingly and willfully violated a regulation applicable only to restricted military property—yet it now argues that it need not prove the defendant knew the property was military, or even restricted. That cannot be correct. If knowledge of the nature of the property is irrelevant, then the offense becomes indistinguishable from generic trespass—something Congress has chosen to treat differently.

For these reasons, the Defense respectfully submits that "willfully," as used in § 797, requires proof that the defendant knew or was on notice that she was entering restricted military property subject to defense regulations. Any lesser standard not only contradicts binding precedent, but also raises serious constitutional concerns under the Due Process Clause.

Respectfully Submitted,

| | |
|---|---|
| Maureen Scott Franco<br>Federal Public Defender | Veronica Teresa Lerma<br>LERMA LAW |
| /s/ | /s/ |
| SHANE MCMAHON<br>Assistant Federal Public Defender<br>Western District of Texas<br>Richard C. White Federal Building<br>700 E. San Antonio, D-401<br>El Paso, Texas  79901<br>(915) 534-6525<br>*Attorney for Defendant* | VERONICA TERESA LERMA<br>State Bar: No. 24062846<br>1417 Montana Ave<br>El Paso, TX 79902<br>p. 915-533-4779<br>*Attorney for Defendant* |

CERTIFICATE OF SERVICE

    I hereby certify that Monday, June 2, 2025, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the Office of the U.S. Attorney, Richard C. White Building, 700 E. San Antonio, Suite 200, El Paso, TX 79901.

                                               /S/
                                    SHANE MCMAHON
                                    *Attorney for Defendant*