IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS (EL PASO)

UNITED STATES OF AMERICA, Plaintiff, vs. ADELY VANESSA DE LA CRUZ-ALVAREZ, Defendant.

Case No.: 3:25-MJ-02401-LE-1

**FILED**
June 15, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Belinda Gamez
DEPUTY

Thursday, June 5, 2025
9:14 A.M.

TRANSCRIPT OF CRIMINAL JURY TRIAL, DAY 3
**BEFORE THE HONORABLE LAURA ENRIQUEZ**
**UNITED STATES MAGISTRATE COURT JUDGE**

APPEARANCES ON NEXT PAGE

For the Interpreter: L. Quevedo, T. McEneny

Deputy Clerk: Adriana Quezada
United States District Court
525 Magoffin Avenue, Suite 105
El Paso, Texas 79901

Transcription Service: Liberty Transcripts
9107 Topridge Drive
Austin, Texas 78750
(847) 848-4907
DBPATEL1180@GMAIL.COM

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

APPEARANCES:

For the Government:

United States Attorney's Office
BY: PHILLIP COUNTRYMAN, ESQUIRE
700 East San Antonio Avenue, Suite 200
El Paso, Texas 79901
(915) 534-3498
phillip.countryman@usdoj.gov

United States Attorney's Office
BY: DEBRA KANOF, ESQUIRE
700 East San Antonio Avenue, Suite 200
El Paso, Texas 79901
(915) 534-3434
debra.kanof@usdoj.gov

For the Defendant:

Law Office of Veronica Teresa Lerma
BY: VERONICA TERESA LERMA, ESQUIRE
1417 Montana Avenue
El Paso, Texas 79902
(915) 533-4779
vtlermalaw@gmail.com

Office of the Federal Public Defender
BY: SHANE MCMAHON, ESQUIRE
700 E. San Antonio, D-401
El Paso, Texas 79901
(915) 352-2904
shane_mcmahon@fd.org

INDEX

| | Page |
|---|---|
| Case Called | 4 |
| Court addresses juror questions | 4 |
| Verdict | 9 |
| Jury Polled | 9 |
| Jury Excused | 11 |
| Argument on Sentencing by the Government | 12 |
| Argument on Sentencing by the Defense | 13 |
| Sentencing | 1515 |
| End of Proceedings | 16 |
| Certification of Transcriber | 16 |

**EL PASO, TEXAS, THURSDAY, JUNE 5, 2025, 9:14 A.M.**

(Outside the presence of the jury; Defendant present.)

COURTROOM DEPUTY: All rise. The United States Magistrate Court for the Western District of Texas, sitting in El Paso, the Honorable Judge Laura Enriquez presiding, is now in session

THE COURT: You may be seated.

Good morning, ladies and gentlemen. Back on the record on EP:25-M-02401, United States of America v. Adely Vanessa De La Cruz-Alvarez. Announcements of Counsel.

MR. COUNTRYMAN: Good morning, Your Honor.

Phillip Countryman on behalf of the United States, ready.

MS. LERMA: Good morning, Your Honor.

Veronica Teresa Lerma and Shane McMahon, ready.

THE COURT: Thank you all. The jury is continuing to deliberate on this case, but there was a question. As I told you all, there was more revealed by the jury than I've put in, but I just want to tell you what they've said generically.

The question is, and it wasn't a question, I guess it was a juror note, "We have reached a verdict on one count and are still deliberating on the one count." Just to be clear, in the note, the jury does say which count they've reached a verdict and what was their verdict. That is not

something I'm going to reveal to you all.

The answer -- the response I am planning to send back is, "I'm going to ask that you continue your deliberations in an effort to agree upon a verdict on both counts and dispose of this case. Remember at all times that no juror is expected to yield a conscientious opinion he or she may not have as to the weight or effect of the evidence. But remember also that, after full deliberation and consideration of the evidence in this case, it is your duty to agree upon a verdict if you can do so without surrendering your conscientious opinion."

That's my proposal. My understanding is the Defense is in agreement and they have signed.

Mr. Countryman, sir, you want to put something on the record, an objection? Go ahead, sir.

MR. COUNTRYMAN: Yes, Your Honor.

Again, a continuation from yesterday based on the facts that have been -- evidence presented to the Court, arguments by the parties, and what was charged specifically in Count 1, that is the enter or attempted to enter, the Government would renew its objection to the jury instructions that were provided to the jurors and again requests that the jurors be advised as to the element that it was entered or attempted to enter the United States. And that is what the element reads in the instructions provided to the jurors.

And again, I also raised it yesterday about mistake of law is not a defense, but again not a policy, Your Honor. Again, instructing the jurors as to the elements so that they match the charge in the case, Your Honor.

THE COURT: Mr. Countryman, your objections will be overruled for the record. And for the record, that was to response to Juror Note Number 5, and we'll be sending it back and there won't be any signature from you just because of your objections which we've put on the record. And Ms. Lerma and Mr. Shane McMahon have signed, so we have that for the record.

Anything else at this point, sir?

MR. COUNTRYMAN: No, Your Honor. Thank you.

THE COURT: Ms. Lerma? Mr. McMahon?

MS. LERMA: No, Your Honor.

THE COURT: Thank you. We're in recess on this case.

COURTROOM DEPUTY: All rise.

(Whereupon, at 9:17 a.m., a brief recess was taken, reconvening at 10:41 a.m.)

(Outside the presence of the jury; Defendant present.)

THE COURT: You may be seated.

Back on the record, EP:25-M-02401. The jury is out. The jury has received -- we've received Jury Note Number 7.

Question are as follows. Question Number 1, "Is the Defendant facing a misdemeanor or felony in Count 1?" Question Number 2, "If we are unable to reach a verdict on both counts" --

MR. McMAHON: Your Honor, I apologize. My client's advised me that she's not hearing you.

THE COURT: Oh, yeah. I apologize, Mr. McMahon.

UNIDENTIFIED SPEAKER: Your Honor, I'm so sorry.

THE COURT: That's okay.

UNIDENTIFIED SPEAKER: I had on earphones.

THE COURT: Oh, no worries. No worries. Don't stress. No worries.

Okay, I'll go back again.

Question Number 1, "Is the Defendant facing a misdemeanor or felony in Count 1?" The proposed response of that is, "If a Defendant is found guilty, it will be my duty to decide what punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion."

Was there any objection to that answer?

MR. COUNTRYMAN: Yes, Your Honor, as being incomplete. These charges are misdemeanor charges, and that is something that you may hear during the course of the trial, argued by the parties. And because they are misdemeanor charges, and in fact, that is part of the law,

the Government would ask the Court to instruct the jurors that these charges are misdemeanor charges.

THE COURT: Do you have any response from the Defendant before I rule, or are you good?

MS. LERMA: No response, Your Honor. We signed that form.

THE COURT: Okay. I'm going to overrule that.

Question Number 2, "If we are unable to reach a verdict on both counts, will the Court accept a split decision?" The proposed answer to Question Number 2 is, "To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the information."

Any objection to that, Mr. Countryman, sir?

MR. COUNTRYMAN: No, Your Honor.

THE COURT: And the Defense signed, so I know you all don't have an objection.

MS. LERMA: Thank you, Your Honor.

THE COURT: I will sign this and send that back. We stand in recess.

MR. COUNTRYMAN: Thank you, Your Honor.

MR. McMAHON: Thank you, Your Honor.

(Whereupon, at 10:44 a.m., a brief recess was taken, reconvening at 11:15 a.m.)

(Outside the presence of the jury; Defendant present.)

COURTROOM DEPUTY: All rise.

THE COURT: Waiting for anyone or --

THE CLERK: (Indiscernible).

THE COURT: You all may be seated. We'll stand when the jury comes in.

(Whereupon, there was a brief pause in the proceedings.)

THE COURT: All rise for the jury.

(Whereupon, the jury entered the courtroom.)

THE COURT: You may be seated.

Members of the jury, have you reached a verdict?

THE FOREPERSON: Yes, we have, Your Honor.

THE COURT: Okay. Can you hand your verdict to my bailiff, Ms. Quezada. Oh, yeah. Perfect.

Ms. De La Cruz-Alvarez, if you can please stand.

We, the jury, unanimously find, Count 1, as to the charge of Illegal Entry, we, the jury, unanimously find Adely Vanessa de la Cruz-Alvarez guilty.

Count 2, Entering Military Naval Or Coastal Property, as to the charge of Entering Military Naval Coast Guard Property, we, the jury, unanimously find Adely Vanessa De La Cruz-Alvarez not guilty.

Is this your verdict?

Juror Number 1 -- I'm going to poll the jury.

Juror Number 1, is that your verdict, sir?

JUROR NUMBER 1: Yes, Your Honor.

THE COURT: Juror Number 2, is that your verdict, sir?

JUROR NUMBER 2: Yes, Your Honor.

THE COURT: Juror Number 3, is that your verdict, sir?

JUROR NUMBER 3: Yes, Your Honor.

THE COURT: Juror Number 4, is that your verdict?

JUROR NUMBER 4: Yes, Your Honor.

THE COURT: Juror Number 5, is that your verdict?

JUROR NUMBER 5: Yes, Your Honor.

THE COURT: Juror Number 6, is that your verdict?

JUROR NUMBER 6: Yes, Your Honor.

THE COURT: Number 7, is that your verdict?

JUROR NUMBER 7: Yes, Your Honor.

THE COURT: Number 8, is that your verdict?

JUROR NUMBER 8: Yes, Your Honor.

THE COURT: Number 9, is that your verdict?

JUROR NUMBER 9: Yes, Your Honor.

THE COURT: Number 10, is that your verdict?

JUROR NUMBER 10: Yes, Your Honor.

THE COURT: Number 11, is that your verdict?

JUROR NUMBER 11: Yes, Your Honor.

THE COURT: Number 12, is that your verdict?

JUROR NUMBER 12: Yes.

THE COURT: Thank you. And you may be seated, the

Defense may be seated.

At this time, I'm going to discharge you all. You don't have to listen to my instructions anymore. If you have questions for me, let me know. If not, you're welcome to leave. I know you all have things you need to do. And we want to thank you so much for your service. This is a very important job, and we really appreciate it. You are discharged.

All rise for the jury.

(Whereupon, the jury was excused and exited the courtroom.)

THE COURT: Be seated.

I'm going to go ahead and proceed with the sentencing right now.

MR. McMAHON: Thank you, Your Honor.

THE COURT: Sure.

Mr. Countryman, on behalf of the Government, we have a guilty on the 1325(a), not guilty on the 1382.

MR. COUNTRYMAN: Yes, Your Honor.

THE COURT: Okay.

(Whereupon, there was a brief pause in the proceedings.)

THE COURT: Did you want to -- I'm sorry, Mr. Countryman. I was asking you, did you want to speak first on sentencing? I'm going to go ahead and proceed with sentencing. These are two petty misdemeanors. I don't need

anyone from Pretrial to go forward. So I'm going to go ahead forward and do our sentence right now.

MR. COUNTRYMAN: Yes, Your Honor, I guess I was waiting. I thought, I don't know if the Court was going to admonish Ms. De La Cruz about the maximum punishment or any of that stuff.

THE COURT: I don't believe so.

MR. COUNTRYMAN: Okay.

THE COURT: I think I've done that because she was initialed and all that. So I'm just going to go ahead and proceed with the sentencing, unless the Defense wants me to do anything further.

MR. McMAHON: No, Your Honor.

THE COURT: Okay. And Mr. Countryman, can I hear from the Government first on sentencing?

MR. COUNTRYMAN: Yes, Your Honor.

During the course of the trial, the testimony that was presented and that the Court has is that Ms. De La Cruz is from Peru and that she made her way up to the United States from Peru, Your Honor. And that took quite a bit of time and effort on her behalf and that she knew exactly what she was doing, Your Honor.

And because of her efforts and the extent of what she had to do to get here and the manner in which she came here, not going to a port of entry, not applying for a

tourist visa, some type of application that would allow her to come into the country legally, but being found in this area, in this agriculture area in the middle of nowhere, some nine-and-a-half miles away from a port of entry, Your Honor, the Government's position is she was trying to sneak into the country, Your Honor, in a way, obviously, that she should not have been. And that should come with some punishment, Your Honor.

And so the Government would respectfully ask for a sentence in this case of 45 days.

THE COURT: Do you have anything on the special assessment?

MR. COUNTRYMAN: The Government would move to remit the special assessment.

THE COURT: Can I hear from the Defense now?

MS. LERMA: Your Honor, the Court received evidence in this case during the course of this trial regarding the charge of the 1325. And we would ask the Court to consider all of the testimony that the witnesses provided, as well as the custom of this Court, as well as other courts' treatment of cases of people who are charged with 1325.

Ms. De La Cruz has been in jail since May 12th. She has no immigration history, as testified to by Agent Parga. She has no criminal history, as testified to by Agent Parga. She also is a first-time, I believe it was a

first-time, admit in opening her A-file, as well. So we would ask the Court to make that consideration, as well. Thank you.

THE COURT: Thank you.

Ms. De La Cruz, before I sentence you, I need to give you an opportunity to speak. You don't have to speak, but I want to give you that opportunity.

MS. LERMA: My client doesn't wish to make a statement, Your Honor.

THE COURT: Okay, thank you.

MR. COUNTRYMAN: And Your Honor, may the Government respond?

THE COURT: Yes, absolutely, Mr. Countryman, sir.

MR. COUNTRYMAN: Your Honor, in response to the position of what typically happens in other cases, those time-served sentences, those come in cases where the Defendant acknowledges and takes responsibility for their conduct. And they should receive some benefit for that, Your Honor. And that's not what happened in this case.

So I don't think it would be fair to all those other defendants who do take responsibility for what they've done, Your Honor. So again, there needs to be a distinction between the two, Your Honor. It's not the same as all of those other particular cases.

And second, Your Honor, I do think for purposes of

sentencing, Government Exhibit 10 from the trial that was not admitted for the jurors, I do believe that is something that the Court could consider. That's the passport that Ms. De La Cruz had in her possession.

And if the Court would consider that, inside of it, there is information about the route that she took and the efforts that she had to go through to finally make her way to the United States, which included being admitted into Mexico by immigration officers, getting a tourist visa there in Mexico, the process she knew what she needed to do, but that she still circumvented all that to make her way and try to sneak into the country, Your Honor.

THE COURT: Thank you. The Court's going to state on the record that from the very beginning of this case, Ms. De La Cruz, through her attorney, had agreed to plead guilty to the 1325. There was never an issue on that. That was the count that she was found guilty. She was found not guilty on the 1382. And the Court granted the judgment for the Defendant on the 797 count.

So for those reasons, the Court does note that the Defendant did attempt to take responsibility on that. The Court will sentence Ms. De La Cruz to time served plus one business day to make sure that they can get everything. Additionally, I'm not going to fine her. I'm going to find that she is unable to pay any fine. And per the Government's

request, I'm going to remit the special assessment. The Defendant does have 14 days by which to appeal.

Is there anything else that we need to put on the record before we're completed with this case?

MR. COUNTRYMAN: Not from the Government, Your Honor. Thank you.

MS. LERMA: Not on behalf of the Defense, Your Honor.

THE COURT: Thank you. We stand in recess.

COURTROOM DEPUTY: All rise.

(Whereupon, at 11:31 a.m., the proceedings were adjourned.)

* * * * *

C E R T I F I C A T I O N

I, DIPTI PATEL, court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

__________________________

DIPTI PATEL, AAERT CET-997

Expires: December 6, 2026

LIBERTY TRANSCRIPTS DATE: June 15, 2025